# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed November 28, 1916.

JACOB CARMEL, ET AL., TRADING AS THE SOUTHERN OVERALL COMPANY,

VS.

JOSEPH LIPNICK, ET AL., TRADING AS THE IRON KING OVERALL COMPANY.

*G. W. S. Musgrave* for plaintiff.

*Edwin F. Samuels* and *John E. Cross* for defendants.

BOND, J.—

It is clear that the label adopted and long used by the plaintiffs to mark their 'B. & O. Brand" of overalls had been so associated with their goods that they should be protected from confusion of goods which may result from imitation of that label.

It is clear, too, that the label first adopted by the defendants for their retail trade was a deliberate copy of plaintiffs' label, with differences carefully designed to escape the eye. When this was discarded, the label next adopted was one of the same colors, arranged in masses, in almost exactly the same design, with the same type, but with some changes in the letters and details. This label would, I think, be likely to pass for the same as the plaintiffs' with a large part of the persons who buy overalls. The third label shows further changes; but shows still, I think, a persistent effort to retain all similarity to the plaintiffs' label which the courts can be persuaded to countenance. The colors are the same, but this time the arrangement of masses is altered by a change in the slope of the words, and transposition of words from one side of the label to the other. I am of the opinion that confusion of the labels is almost certain to result, and that the plaintiffs will be caused loss by it.

There is evidence of only one instance of actual confusion in the past.

Naturally it would be most difficult to get such evidence. But the probability of confusion is sufficiently strong without it. Evidence of actual confusion and actual fraudulent purpose are not essential to relief, though helpful.

Robertson vs. Berry, 50 Md. 591.

"The Doctrine of Unfair Trade," 7 Mich. Law Rev. 409.

"Comment on Modern Law of Unfair Trade," 3 Illinois Law Review, 551.

"William Edge & Sons, Ltd., vs. William Nicolls & Sons, Ltd., 28 B. P. C. 582.

I have not been able to agree that the plaintiffs have a right to protection in an exclusive use of the particular words of description, "for railroad men and mechanics." Nor do I think they have shown an exclusive right to the references to railroads by the use of the letters "R. R." and the like. On the contrary, those words and letters seem open to use by the manufacturers—otherwise than as an aid in the imitation of plaintiffs' label, or in an effort to pass off goods. The case is one, I think, in which the court should not define exactly what the defendants must omit or change. They must abandon all resemblance to the plaintiffs' design, either by changing the color, or the arrangement of masses and details, or otherwise, so that there may be no likelihood of mistaking the labels of the two parties for the same. The injunction will, therefore, be expressed in such general terms.

As to the claim for damages, while it seems clear that there has been a deliberate attempt by the defendants to take some of the advantages which attach to plaintiffs' label, it seems clear also that the defendants made considerable sales of their product without any reliance at all upon the resemblance of labels. That element of their trade was too large, I conclude, to permit the court, in all justice, to award to the plaintiffs as damages, without discrimination, all the profits made on sales under the labels objected to. The plaintiffs' sales were much reduced after the entrance of defendants' goods into the field; but it appears reasonable to assume that much of this loss would have resulted irrespective of the use of the similar labels. The damages which may be awarded must be purely compensatory, they cannot be in any degree punitive. I conclude, therefore, that the accounting should include only the profits on such sales as it is shown by direct or presumptive evidence that the plaintiffs would have made but for sales by the defendants under the similar labels, together with other elements of damages which may be proved.

Bushmore vs. Badger Brass Mfg. Co., 198 Fed. 379.

A decree in accordance with these views will be signed when presented.